**W. S. Adams, Appellee, v. William D. Kerfoot and George Birkhoff, Jr., trading as W. D. Kerfoot and Company, Appellants.**

**Gen. No. 19,783. (Not to be reported in full.)**

Appeal from the County Court of Cook county; the Hon. ISAAC HUDSON, Judge, presiding. Heard in this court at the October term, 1913. Reversed with finding of facts. Opinion filed October 13, 1914.

### Statement of the Case.

Action by W. S. Adams against William D. Kerfoot and George Birkoff, Jr., trading as W. D. Kerfoot and Company, to recover brokerage commis-

sions. The declaration contained merely the common counts, but a bill of particulars described the claim as follows:

"Plaintiff's claim is for money due him as a real estate broker from the defendants under and by virtue of a contract whereby it was agreed between them that if the property at the southeast corner of Fulton and Ada streets in the City of Chicago, County of Cook and State of Illinois was sold or rented directly or indirectly to J. B. Heaney, William E. Heaney, the Heaney Galvanizing Company or any of them, or to any one whom they might suggest, that they would pay to the plaintiff the sum of $400 as commission for being the procuring cause of said sale, and plaintiff avers that said sale was made in accordance with said undertaking and agreement."

To reverse a judgment entered on a verdict in favor of plaintiff for $181.60, defendants appeal.

MASON BROS., for appellants; HENRY E. MASON, of counsel.

ADAMS, CREWS, BOBB & WESCOTT, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

BROKERS, § 27*—*when person not entitled to commissions from real estate agents of owner of property.* A verdict in favor of plaintiff for brokerage commissions *held* not warranted by the evidence, it appearing that defendants were real estate agents and that they told plaintiff he could have as a commission a sum over and above a certain amount if plaintiff's prospective buyer purchased the property, but defendants did not employ plaintiff to sell the property; and it appearing that plaintiff's prospective buyer thereafter purchased the property for said certain amount from defendants in the name of a third party to conceal his identity from the defendants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.